UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MISTY ROBERTS,

    Plaintiff,

v.                      CASE NO:  8:13-cv-1411-T-33AEP

THE RED APPLE SCHOOL, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Report Regarding Settlement Attempt (Doc. # 15) and Joint Motion to Conduct Discovery (Doc. # 16), both filed on September 9, 2013. In these submissions, the parties request the opportunity to conduct discovery and to participate in a settlement conference presided over by a United States Magistrate Judge. The Court grants the Motion as discussed herein.

**Discussion**

The Red Apple School, Inc. is in the business of providing life skill services to adults in New Port Richey, Florida. (Doc. # 1 at ¶ 4). Roberts is a former employee of the Red Apple School and asserts that she was not compensated appropriately for overtime hours in accordance with the Fair Labor Standards Act. On May 30, 2013, Roberts filed an action

against The Red Apple School for recovery of overtime compensation. (Doc. # 1). The Red Apple School filed its Answer and Affirmative Defenses on June 20, 2013. (Doc. # 5). On that same date, the Court issued its FLSA Scheduling Order (Doc. # 7), wherein the Court (1) mandated that the parties exchange certain documents; (2) set forth a time table for Roberts to respond to the Court's interrogatories and for The Red Apple School to file its verified summary of Roberts' hours worked and wages paid to Roberts; and (3) directed the parties to engage in a settlement conference. In the FLSA Scheduling Order, the Court also presented the parties with the option of participating in a settlement conference presided over by a United States Magistrate Judge.

At this juncture, Roberts has answered the Court's Interrogatories (Doc. # 12) and The Red Apple School has filed a Verified Summary of Roberts' hours worked and the wages it paid to Roberts. (Doc. # 13). The parties participated in a settlement conference; however, they were unable to reach an accord. The parties now notify the Court that they wish to conduct discovery and that they would like to avail themselves of the opportunity to participate in a settlement conference before a United States Magistrate Judge.

In the Joint Motion, the parties indicate: "Upon the

entering of an Order granting this Motion, a joint Case Management Report shall be filed by the attorneys." (Doc. # 16 at 2). Further, in the parties' Status Report, they indicate: "Both attorneys have discussed dates for the Case Management Report, and same shall be filed upon this Court's granting of [the Motion to Conduct Discovery]." (Doc. # 15 at 2).

The Court determines that it is appropriate for the parties to engage in discovery; however, pursuant to the Local Rules, no party may engage in discovery until the case management meeting is held. <u>See</u> Local Rule 3.05(c)(2)(B) ("Unless otherwise ordered by the Court, a party may not seek discovery from any source before the [Case Management] meeting.").

The Court directs the parties to file a Case Management Report by September 18, 2013. Thereafter, the parties may engage in discovery as contemplated by the Federal Rules of Civil Procedure. The Court acknowledges the parties' joint statement that "it is the belief of both attorneys that a settlement conference, and any informal settlement discussion, will be more fruitful after positions can be supported through discovery." (Doc. # 15 at 2). The parties should participate in discovery and, after the desired documentation is

3

collected, the parties may reassert their request to participate in a settlement conference before a United States Magistrate Judge.

Accordingly, it is their

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Joint Motion to Conduct Discovery (Doc. # 16) is **GRANTED** as specified herein.

(2) The parties are directed to file a Case Management Report by September 18, 2013.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of September, 2013.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All counsel of record